UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61823-BLOOM

WALTER DRUMMOND,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon *pro se* Petitioner Walter Drummond's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [1] ("Petition"). Petitioner did not file the Petition on the District's form for § 2254 petitions. Nevertheless, the Court has reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed as successive.

Petitioner previously filed a petition under 28 U.S.C. § 2254, challenging his convictions for robbery with a firearm and shooting into an occupied dwelling entered in the Seventeenth Judicial Circuit Court for Broward County, Florida, Case No. 02-004343-CF10A. *See Drummond v. Jones*, No. 15-cv-22572-JAL (S.D. Fla. Aug. 31, 2015), ECF No. [1]. That petition was dismissed as untimely under 28 U.S.C. § 2244(d). *See id.* at ECF No. [8] (adopting Report and Recommendation that the petition be dismissed as time-barred and determining that a certificate of appealability shall not issue). Petitioner did not appeal the dismissal. *See id.*

The Petition now before this Court raises one claim that Petitioner's Fifth Amendment Due Process rights were violated. ECF No. [1] at 3. Petitioner cites to the Writ of Habeas Corpus

provision under § 79.01, Florida Statutes, and an opinion from the Court of Appeals for the Eleventh Circuit that reversed a district court's dismissal of a § 2254 motion on a time-bar. *Id.* at 1 (citing Fla. Stat. § 79.01; *Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1238-39 (11th Cir. 2010)). Otherwise, Petitioner does not acknowledge his previous dismissal or address why the instant Petition should not be barred as successive.

Rule 4(b) of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4(b). In addition, the United States Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted). Against this backdrop, courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Upon review, the Court finds that the Petitioner is not entitled to relief. Petitioner's initial § 2254 petition was dismissed as untimely, "which constitutes a dismissal with prejudice on the merits for purposes of restricting a second or successive § 2254 petition." *Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 & 1359 (11th Cir. 2007)). "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Cases, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear this instant § 2254 Petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Case No. 21-cv-61823-BLOOM

Because the Court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Petitioner's claims. *See Aruanno v. Florida*, No. 20-cv-23135-BLOOM, 2020 WL 8675810, at *1 (S.D. Fla. July 30, 2020) (citing *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSSED**.

2. No certificate of appealability shall issue.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Walter Drummond, *Pro Se*
#M33531
Charlotte Correctional Institution
Inmate Mail/Parcels
33123 Oil Well Road
Punta Gorda, FL 33955